UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES HUNTER, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:20-CV-551-MGG |

OPINION AND ORDER

James Hunter, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary decision (MCF-20-2-869) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possession of a cellphone in violation of Indiana Department of Correction Offenses 121. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Hunter argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

> Departmental policy defines possession as follows:
>
> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, an offender is presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

ECF 11-3.

The administrative record includes a conduct report in which a correctional officer represented that he found a cellphone charging on Hunter's desk in his cell. ECF 11-1. It also includes Hunter's statement that an inmate left a cellphone in Hunter's cell. ECF 11-6. These statements constitute some evidence that Hunter possessed a cellphone. Hunter suggests that a photograph of the cellphone with a Evidence Record form identifying his cellmate implicates his cellmate, but the administrative record also includes Evidence Record form identifying Hunter. ECF 11-1 at 3-4. Further, though Hunter suggests that the hearing officer had no basis to reach a different conclusion in his cellmate's case on the same charge, the cellphone was found on Hunter's desk. Moreover, the hearing officer may have simply found Hunter to be less credible than his cellmate. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Hunter argues that he is entitled to habeas relief because correctional staff did not allow him to call another inmate to testify in person at the hearing. "[T]he inmate

2

facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* The administrative record includes the written statements of an inmate claiming ownership of the cellphone found on Hunter's desk. ECF 2-1 at 9-7; ECF 11-7. It is unclear what Hunter believes in-person testimony would have added to his defense or how such testimony would have undermined the finding that Hunter had possession of the cellphone. Because in-person testimony would have been immaterial and cumulative, this claim is not a basis for habeas relief.

In the traverse, Hunter argues that he is entitled to habeas relief because the hearing officer did not provide him with a written explanation of the decision. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff*, 418 U.S. at 564. "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). In the hearing report, the hearing officer explained that she relied on the conduct report, Hunter's statement, an inmate's affidavit, and photographic evidence and that she imposed sanctions based on the

seriousness of the offense, the frequency of the offense, Hunter's attitude and demeanor during the hearing, and the potential deterrent effect on Hunter's future behavior. ECF 11-6. Though the hearing officer's explanation is not particularly detailed, it identifies the evidentiary basis for the finding of guilt and the reasons for the sanctions imposed and thus satisfies procedural due process. Therefore, the claim that the hearing officer did not provide a written explanation is not a basis for habeas relief.

Hunter also argued that he was entitled to habeas relief because correctional staff subject the confiscated cellphone to scientific testing. However, Hunter withdrew this claim in his traverse. ECF 12 at 3.

Because Hunter has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Hunter wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES James Hunter leave to proceed in forma pauperis on appeal.

SO ORDERED this May 6, 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge